IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBERT E. PRICE,** **PLAINTIFF**

v. CIVIL ACTION NO.: 3:13cv246-MPM-JMV

**TIMOTHY OUTLAW, CORALETTA JONES, and**
**LT. COLLINS,** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Robert E. Price, a Mississippi inmate housed at the Marshall County Correctional Facility, has filed a civil rights suit pursuant to 42 U.S.C. §1983 against Warden Timothy Outlaw, Captain Coraletta Jones, and Lieutenant Collins. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for the following reasons.

**Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 §U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state

1

a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Plaintiff claims that Defendants failed to follow the appropriate disciplinary procedures in issuing him a Rule Violation Report ("RVR") on August 20, 2013. According to Plaintiff, the disciplinary hearing officer violated standard operating procedure by failing to sign and/or date the RVR. Plaintiff's appeal of this issue to Warden Outlaw was denied. Plaintiff asks the Court to remove the incomplete RVR from his file and require Defendants to pay all costs associated with this action. Accepting Plaintiff's allegations as true, the Court nonetheless determines that the instant complaint missed be dismissed, as Plaintiff's claim fails to implicate a protected constitutional interest.

In order to state a claim under § 1983, Plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Giving Plaintiff's claim liberal construction, it appears he is asserting that he was denied due process by Defendants' failure to follow institutional policy and procedure. However, to invoke the protections of the Due Process Clause, a protected liberty interest must be at issue. A prisoner's constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents in prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The failure by prison officials to follow institutional policy and procedure in drafting the RVR

does not implicate constitutional due process concerns. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."). Accordingly, Plaintiff has failed to demonstrate that Defendants' actions violated his constitutional rights, and his complaint fails. *See Hoye v. Nelson*, 4:07cv44-M-B, 2007 WL 1321964 at *1 (N.D. Miss. May 3, 2007) (citation omitted).

## Conclusion

Plaintiff's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted. *See* 28 U.S.C§ 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C§ 1915(g). Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. §1915(g). A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 30th day of October, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**